UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA K. HOLDEN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DARRELL HAYNES; DOE BUSINESS ENTITIES 1 THROUGH 10, INCLUSIVE; AND ROE POLICE OFFICERS 1 THROUGH 20,INCLUSIVE,<br><br>　　　　　　Defendants. | NO.　CV-13-0068-LRS<br><br>**ORDER DENYING MOTION TO REMAND (ECF NO. 28)** |

**BEFORE THE COURT** is Plaintiff's Expedited Motion For Remand For Lack of Jurisdiction, ECF No. 28, filed on April 7, 2014 and noted without oral argument.  Plaintiff moves the Court, pursuant to Fed. R. Civ. P. 12(h)(3), for immediate remand of this action to the Spokane County Superior Court (Cause No. 12-2-04033-2) due to this Court's alleged lack of both diversity jurisdiction and subject matter jurisdiction.  Plaintiff bases her motion to remand on the voluntary dismissal of all federal causes of action for which the removal was based and that all remaining claims against the remaining Defendant, Darrell Haynes, rest on Washington state tort law.  Additionally,

ORDER - 1

Plaintiff argues that there was never diversity subject matter jurisdiction under 28 U.S.C. §1332(a). Plaintiff claims that because Defendant Haynes is an alien (Canadian citizen), his residency does not factor into a diversity analysis. Plaintiff concludes that because this Court has had minimal involvement in this case and all remaining claims are based on state law, the Court should remand to state court.

Defendant Haynes opposes Plaintiff's arguments and motion for remand arguing Plaintiff is in error. At the time Defendant Haynes prepared his response to the instant motion, the Court had not yet granted Plaintiff's request to dismiss her 42 U.S.C. § 1983 claim against Mr. Haynes, thus Defendant argued this court still has federal question jurisdiction under 28 U.S.C. § 1331.

Defendant Haynes also asserts that diversity jurisdiction is present because such jurisdiction exists when a resident of one of the United States sues a resident of a foreign country and the amount in dispute is more than $75,000. Here, Mr. Haynes is a Canadian citizen, and Plaintiff claims damages in excess of $1 million. Defendant concludes that jurisdiction in this Court is appropriate, and the Court should reject Plaintiff's motion for remand.

A. **Brief Summary of Pertinent Facts**

The original complaint commenced October 11, 2012 in Spokane County Superior Court and was then removed to federal court on February 14, 2013 under 28 U.S.C. § 1441 as a result of the 42 U.S.C. §1983 claims against the State of Washington. ECF No. 1. There were also 42 U.S.C. § 1983 claims against the State of Washington and

ORDER - 2

County of Spokane. ECF No. 1.  The removal notice did not mention diversity of the party.

Both of those governmental Defendants were voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(2). ECF Nos. 15 and 18. The Court, after Defendant's responsive memorandum was filed, granted Plaintiff's unopposed motions to dismiss certain causes of action against Defendant Haynes on May 8 and May 9, 2014 (ECF Nos. 40, 41), resulting in the elimination of all federal claims in the action.

Plaintiff indicates that Defendant Raymar Enterprises & Transportation ("Raymar") was named but never served.  ECF No. 2. Plaintiff them moved to voluntarily dismiss Defendant Raymar, which the Court granted on May 9, 2014.  ECF No. 41.  The remaining non-Doe Defendant in this case, Darrell Haynes, was and is a citizen of Calgary, Alberta, Canada. ECF No. 12.  Plaintiff Brenda K. Holden is a resident of State of Washington.  ECF No. 1.  The alleged torts at issue occurred in Spokane County, State of Washington. ECF No. 1.

**B.   Analysis**

The original complaint, commenced October 11, 2012, was filed in state court. On February 7, 2013 Plaintiff accomplished service of the amended complaint on the Washington State Patrol.  Plaintiff's amended complaint alleged a federal cause of action. Specifically, Plaintiff asserted a 42 U.S.C. § 1983 Fourth Amendment claim and claims under 42 U.S.C. § 1981.  All defendants who had appeared at that time agreed to removal of this action to federal court.  Thus, the suit was removed by the Assistant Attorney General pursuant to 28 U.S.C. § 1441 on February 14, 2013 based on federal claims, however, no mention was

ORDER - 3

made of diversity in the notice of removal. Although not raised by Defendant Haynes in the briefing, it may have been that the presence of the "Doe Defendants" raised a possible risk of nondiversity.  For purposes of removal, though, "the citizenship of defendants sued under fictitious names shall be disregarded."  See 28 U.S.C. §1441(b)(1).

Plaintiff then filed several motions to dismiss various defendants and eliminate all federal claims.  Plaintiff then filed this motion to remand and Defendant Haynes opposes remand now based on diversity.

### 1. **Federal Claim(s) Eliminated–Supplemental Jurisdiction**

If a claim "arising under" federal law existed at the time of removal, the federal court has supplemental jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir.1990); *Anderson v. Aon Corp.*, 614 F.3d 361, 364-65 (7th Cir.2010) (applies to both voluntary and involuntary dismissals).  A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

In deciding whether to dismiss or remand, the court may consider whether plaintiff has engaged in "manipulative tactics"–i.e., dismissing federal claims after removal in order to get back to state court.  "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction

ORDER - 4

doctrine support a remand in the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In any event, a district court's decision to remand remains discretionary and is dependent upon what will best accommodate the values of economy, convenience, fairness and comity. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

## 2. Diversity

The district court has no discretion to remand a case after elimination of the federal claim, however, if diversity of citizenship then exists under an amended pleading. A party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir.2006). Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. 28 U.S.C.A. § 1446. If a defendant properly removed a state-court civil action on federal-question grounds, based on the presence of a federal claim in plaintiff's original complaint, that defendant is not required to amend its removal notice or file a new notice after the plaintiff filed an amendment to complaint that removed the federal claim(s), but that also made clear that requirements for diversity jurisdiction were satisfied. In the *Costco* case, removal was already perfected under 28 U.S.C.A. § 1446(b).

The Ninth Circuit in *Costco* explained:

> " If the original complaint in fact supported federal jurisdiction on both diversity and federal

ORDER - 5

> question grounds, Costco was not required to list both grounds in its notice of removal. The civil removal statute, unlike the removal statute for criminal cases, has no requirement that all grounds for removal be listed in the notice. Compare 28 U.S.C. § 1446(b) with id. § 1446(c)(2)."

*Costco*, 471 F.3d at 976 n.1.

The Ninth Circuit further opined in *Costco*:

> We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.1998); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir.1988). It follows that a party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction. Because post-removal pleadings have no bearing on whether the removal was proper, there is nothing a defendant can or need do to perfect the removal. *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir.1996). Indeed, the idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed is nonsensical. After all, "a Supplemental Notice of Removal would, if granted, have the effect of removing a case that has already been removed." *Nolan v. Boeing Co.*, 715 F.Supp. 152, 153 n.1 (E.D.La.1989).

471 F.3d at 976-77.

In the present case, Plaintiff is a citizen of Washington, and Defendant Haynes is a citizen of Canada, a foreign state. Plaintiff claims damages exceeding a million dollars. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which reads:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

ORDER - 6

```
                    between--
                         . . .
                    (2) citizens of a State and citizens or subjects
                    of a foreign state, except that the district
                    courts shall not have original jurisdiction under
                    this subsection of an action between citizens of a
                    State and citizens or subjects of a foreign state
                    who are lawfully admitted for permanent residence
                    in the United States and are domiciled in the same
                    State; ...
```

Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. See *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir.1994). The Court finds that removal was already perfected in this case and this Court has diversity jurisdiction (the "Doe Defendants" are disregarded) in addition to supplemental jurisdiction.  Plaintiff's attempt to manipulate the forum is to no avail.

After reviewing the files and records herein, and the Court having been fully advised, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion For Remand (**ECF No. 28**), is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order.

**DATED** this  20th  day of May, 2014.

                              *s/Lonny R. Suko*
                    _____
                              LONNY R. SUKO
                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7